UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **08-CV-81458-Ryskamp-Vitunac**

JOHN BARBER, on his own behalf
and others similarly situated,

    Plaintiff,

v.

VENTRON MANAGEMENT, LLC,
a Florida Limited Liability Company,
BROOKSIDE GP, INC., a Florida Corporation, and
and RONALD EISENBERG, individually,

    Defendants.

_____/

FILED by VT D.C.
ELECTRONIC

Dec. 9, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

1. Plaintiff, JOHN BARBER, (hereinafter referred to as "Plaintiff"), was an employee of Defendants, VENTRON MANAGEMENT, LLC, a Florida Limited Liability Company, BROOKSIDE GP, INC., a Florida Corporation, and RONALD EISENBERG, individually (collectively referred to as "Defendants"), and brings this action on behalf of himself and other current employees and former employees of Defendants similarly situated to him for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b). Plaintiff performed non-exempt work for Defendants in Palm Beach County, Florida between approximately February 2008 and October 2008.

2. Defendants, VENTRON MANAGEMENT, LLC, BROOKSIDE GP, INC., and RONALD EISENBERG, have at all times material hereto been engaged in business in Palm Beach County, Florida, within the jurisdiction of this Court. Based upon information and belief,

Defendants, VENTRON MANAGEMENT, LLC, BROOKSIDE GP, INC. and RONALD EISENBERG, have also been engaged in business in other locations as well and it is the intent of this collective action to apply to all similarly situated employees regardless of location.

3.  This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of 29 U.S.C. §216(b) (the Act).

4.  Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

5.  At all times material to this Complaint, Defendants, VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC., individually and/or collectively, have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

6.  Based upon information and belief, the annual gross sales volume of VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC., individually and/or collectively, has been in excess of $500,000.00 per annum at all times material hereto.

7.  At all times material to this Complaint, Defendants, VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC., individually and/or collectively was, or were, an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

8.  At all times material hereto, RONALD EISENBERG owned, managed and/or operated VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC. and/or regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of VENTRON MANAGEMENT, LLC. and BROOKSIDE GP, INC. By virtue of such control and authority, RONALD EISENBERG was an

employer of Plaintiff and the other similarly situated employees as such term is defined by the FLSA. 29 U.S.C. §203(d).

9. At all times material hereto, VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC. shared the services of employees and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and/or had common control and management such that the relationship by and between VENTRON MANAGEMENT, LLC and BROOKSIDE GP, INC. is that of joint-employers of Plaintiff and the other similarly situated employees within the meaning of 29 U.S.C. §203(d).

10. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after December 2005 and did not receive time and a half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

11. Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during his employment with Defendants between approximately February 2008 and October 2008.

12. Likewise, the other employees similarly situated to Plaintiff regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendants.

13. However, Defendants did not pay time and a half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to him.

14. The records, if any, concerning the hours worked by Plaintiff and the other similarly situated employees to Plaintiff are in the possession and custody of Defendants.

15. The records concerning the compensation actually paid to Plaintiff and all other similarly situated employees are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

16.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 14 above.

17.     Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

18.     All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

19.     Defendants knowingly and willfully failed to pay Plaintiff and the other employees similarly situated to him at time and one half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

20.     By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

21.     As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to him) are entitled to liquidated damages.

22.     Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

23.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JOHN BARBER, and those similarly situated to him who have or will opt into this action, demands judgment, jointly and severally, against Defendants, VENTRON MANAGEMENT, LLC, BROOKSIDE GP, INC., and RONALD EISENBERG, for the payment of

all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages and reasonable attorney's fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: December 5, 2008  
Boca Raton, Florida

Respectfully submitted,

_____  
Keith M. Stern  
Florida Bar No. 321000  
E-mail: kstern@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
1515 S. Federal Highway, Suite 404  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831  
Attorneys for Plaintiff

JS 44 (Rev. 11/05)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
JOHN BARBER, on his own behalf and others similarly situated,

### DEFENDANTS
VENTRON MANAGEMENT, LLC, a Florida Limited Liability Company, BROOKSIDE GP, INC., a Florida Corporation, andand

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Shavitz Law Group, P.A., 1515 South Federal Highway, Suite 404, Boca Raton, FL 33432, Tel: 561-447-8888; Fax: 561-447-8831

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:08CV 81458-Ryskamp-Vhunac

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO     b) Related Cases ☐ YES ☒ NO
JUDGE _____     DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
29 U.S.C. 216 (b)- Action For Unpaid Overtime Wages

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE   December 5, 2008

FOR OFFICE USE ONLY
AMOUNT 350 00   RECEIPT # 544861   IFP